UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

AI MING NI,

                        Plaintiff,

       -against-

MICHAEL B. MUKASEY, Attorney General of
the United States, et al.,

                 Defendants.

------------------------------------------------------------ x

**08 Civ. 00385 (LBS)**

**ECF Case**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street, 3d Floor
New York, New York 10007
Telephone: (212) 637-2718
Facsimile: (212) 637-2786

DAVID BOBER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................... i

Preliminary Statement ................................................................................................ 1

Statement of the Case ................................................................................................. 3

      A.     Factual Allegations of the Complaint and the Relief Sought ................................. 3

      B.     Statutory Framework Regarding Asylum and Conditional Grants of Asylum ........ 4

ARGUMENT ............................................................................................................. 6

POINT I -
The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction .................. 6

      A.     Legal Standards Governing Motions to Dismiss for Lack of Subject Matter
            Jurisdiction ............................................................................................. 6

      B.     Neither the Mandamus Act Nor the APA Provides a Basis for This Court to
            Exercise Subject Matter Jurisdiction ........................................................ 8

            1.     The Grant of Asylum Is Committed to the Sole Discretion of the Attorney
                  General ............................................................................................ 8

            2.     The Mandamus Statute and the APA Do Not Provide Subject
                  Matter Jurisdiction Where the Relief Sought Is Entirely
                  Discretionary ................................................................................... 9

      C.     The Court Also Lacks Federal Question Jurisdiction under
            28 U.S.C. § 1331 ................................................................................. 11

POINT II -
The Claims for Intentional Infliction of Emotional Distress and "Violation of
International Law" Are Barred by the Doctrine of Sovereign Immunity ......................... 14

CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**:

Appiah v. U.S. I.N.S., 202 F.3d 704 (4th Cir. 2000) ......................................................12

Bansal v. Russ, 513 F. Supp. 2d 264 (E.D. Pa. 2007) ...................................................15

Beneficial National Bank v. Anderson, 539 U.S. 1 (2003).............................................12

Borromeo Escaler v. U.S. Citizenship & Immigration Servs.,
    03 Civ. 8418 (BSJ), 2007 WL 1975485 (S.D.N.Y. July 6, 2007) ..................................10, 14

C.P. Chem. Co. v. United States, 810 F.2d 34 (2d Cir. 1987).......................................15

Califano v. Sanders, 430 U.S. 99 (1977) .....................................................................11

Castro v. United States, 34 F.3d 106 (2d Cir. 1994)....................................................14

Celestine v. Mount Vernon Neighborhood Health Ctr.
    403 F.3d 76 (2d Cir. 2005)...........................................................................................15

Cervantes-Ascencio v. U.S. I.N.S., 326 F.3d 83 (2d Cir. 2003)....................................12

Checknan v. McElroy, 313 F. Supp. 2d 270 (S.D.N.Y. 2004) .......................................14

Delgado v. Mukasey, 508 F.3d 702 (2d Cir. 2007) ........................................................8

Dinsey v. Dep't of Homeland Sec.- U.S. Citizenship & Immigration Servs.,
    03 Civ. 10081 (MBM), 2004 WL 1698630 (S.D.N.Y. July 28, 2004)....................................10

Fiallo v. Bell, 430 U.S. 787 (1977)................................................................................7

Fifth Avenue Peace Parade Comm. v. Hoover,
    327 F. Supp. 238 (S.D.N.Y. 1971)...............................................................................12

Garcia-Mateo v. Keisler, 503 F.3d 698 (8th Cir. 2007)................................................13

Haxhiu v. Mukasey,
    __ F.3d __, 2008 WL 724047 (7th Cir. Mar. 19, 2008)..............................................8

Heckler v. Ringer, 466 U.S. 602 (1984) ........................................................................9

In re Aguinda, 241 F.3d 194 (2d Cir. 2001) ...................................................................9

In re Steinhardt Partners, L.P., 9 F.3d 230 (2d Cir. 1993) .................................................9

INS v. Aguirre-Aguirre, 526 U.S. 415 (1999) ............................................................7

INS v. Miranda, 459 U.S. 14 (1982).............................................................8, 13, 15

Jaskiewicz v. U.S. Dep't of Homeland Sec.,
     06 Civ. 3770 (DLC), 2006 WL 3431191 (S.D.N.Y. Nov. 29, 2006) .....................................11

Karan v. McElroy, 02 Civ. 6678, 2003 WL 21209769 (S.D.N.Y. May 23, 2003).................10, 12

Keane v. Chertoff, 419 F. Supp. 2d 597 (S.D.N.Y. 2006)..........................................9, 11

Landon v. Plasencia, 459 U.S. 21 (1982) ......................................................7

Liao v. U.S. Dep't of Justice, 293 F.3d 61 (2d Cir. 2002)...................................4

Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908) ...............................12

Luckett v. Bure, 290 F.3d 493 (2d Cir. 2002)...............................................6, 7

Makarova v. United States, 201 F. 3d 110 (2d Cir. 2000).....................................6

Maldonado-Coronel v. McElroy, 943 F. Supp. 376 (S.D.N.Y. 1996)..........................10

Maloney v. Cuomo, 470 F. Supp. 2d 205 (E.D.N.Y. 2007) ...................................7

Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281 (2d Cir. 2007) .......................8

Miller v. Albright, 523 U.S. 420 (1998) ..................................................7

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) ..................9

Pittston Coal Group v. Sebben, 488 U.S. 105 (1988) ......................................9

Reno v. Flores, 507 U.S. 292 (1993) .......................................................7

Russo v. Glasser, 279 F. Supp. 2d 136 (D. Conn. 2003) ...................................15

Saleh v. Ridge, 367 F. Supp. 2d 508 (S.D.N.Y. 2005) ..................................10, 13

Schneider v. Feinberg, 345 F.3d 135 (2d Cir. 2003) .......................................11

Smith v. Ashcroft, 295 F.3d 425 (4th Cir. 2002).........................................13

Turkmen v. Ashcroft, 02 Civ. 2307, 2006 WL 1662663 (E.D.N.Y. 2006) ...................................15

Wan Shih Hsieh v. Kiley, 569 F.2d 1179 (2d Cir. 1978) ........................................................2, 11

Vladagina v. Ashcroft, 00 Civ. 9456 (DAB), 2002 WL 1162426 (S.D.N.Y. Apr. 8, 2002) ...10, 11

Yang v. Gonzales, 427 F.3d 1117 (8th Cir. 2005) ........................................................................6

Zhang v. Slattery, 55 F.3d 732 (2d Cir. 1995) ............................................................................8

Zhang v. U.S. I.N.S., 386 F.3d 66 (2d Cir. 2004) ........................................................................5

Zheng v. Reno, 166 F. Supp. 2d 875 (S.D.N.Y. 2001) ..........................................................10, 11

**Administrative Decisions**:

In re X-P-T, 21 I. &. N. Dec. 634 (BIA 1996)...............................................................................5

**Federal Statutes**:

5 U.S.C. § 555(b) ..................................................................................................................2, 8, 10

5 U.S.C. § 701(a) (2)..................................................................................................................11

8 U.S.C. § 1101(a) (42)............................................................................................................4, 9

8 U.S.C. § 1157(a) ........................................................................................................................5

8 U.S.C. § 1158(b) (1) ...............................................................................................................4, 8

8 U.S.C. § 1158(d) (5) (A) (i) ....................................................................................................6, 8

8 U.S.C. § 1329 ..........................................................................................................................14

8 U.S.C. § 1447(b) ......................................................................................................................13

28 U.S.C. § 1331 ................................................................................................................2, 11, 12

28 U.S.C. § 1361 ..........................................................................................................2, 8, 10, 11

28 U.S.C. § 2679(b) (1) ..............................................................................................................14

Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"),
§ 601, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (Sept. 30, 1996)......................................4

IIRIRA § 601 (b)...........................................................................................................................5

Real ID Act of 2005 ("REAL ID Act"),
Pub. L. No. 109-13, Div. B, 119 Stat. 231 ....................................................................................5

**Federal Regulations**:

8 C.F.R. § 208.14 ........................................................................................................................6

8 C.F.R. § 208.14(b) ..................................................................................................................6, 8

**Rules and Regulations**:

Fed. R. Civ. P 12(b)(1)................................................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AI MING NI,

                                        Plaintiff,

            - against -

ATTORNEY GENERAL MICHAEL B.
MUKASEY, et al.,

                                        Defendants.

No. 08 Civ. 00385 (LBS)

ECF Case

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Defendants Michael B. Mukasey, Attorney General of the United States; Michael

Chertoff, Secretary of Homeland Security; Kevin Ohlson, Director of the Executive Office for

Immigration Review; Juan Osuna, Acting Chairman of the Board of Immigration Appeals; David

L. Neal, Chief Judge of the Executive Office for Immigration Review; Emilio Gonzales, Director

of United States Citizenship and Immigration Services; Susan Raufer, Director of the Lyndhurst,

New Jersey Asylum Office of Citizenship and Immigration Services; and Robert D. Mueller,

Director of the Federal Bureau of Investigation; by and through their attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, respectfully submit this

memorandum in support of their motion to dismiss the complaint, pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure ("Rule 12(b)(1)").

### Preliminary Statement

Plaintiff Ai Ming Ni is a native and citizen of China.  In 2004, an immigration judge

granted his application for asylum, but because of a statutory cap on the number of applicants

who could be granted full asylum status in that fiscal year, Ni's asylum grant was made conditional. Through this action, Ni seeks an order compelling the defendants to remove the conditions and issue a final grant of asylum.

The complaint should be dismissed because the Court lacks subject matter jurisdiction to compel the defendants to grant this discretionary immigration benefit. Ni invokes four bases of alleged subject matter jurisdiction: (1) the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); (2) the federal mandamus statute, 28 U.S.C. § 1361 ("Mandamus Act"); (3) the federal question jurisdiction statute, 28 U.S.C. § 1331; and (4) "the Immigration and Nationality Act ["INA"] and regulations implementing it." Complaint ¶ 2.1. None provides jurisdiction over the subject matter of Ni's petition. Ni's invocation of the APA is meritless, given that the Second Circuit has held that the APA does not provide an independent basis for subject matter jurisdiction. The invocation of the Mandamus Act is similarly baseless because the decision to remove the condition on a grant of asylum is, by statute, delegated to the discretion of the immigration authorities, and the Second Circuit has made clear that "matters solely within the INS's discretion . . . are not reviewable under . . . 28 U.S.C. § 1361." Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir. 1978).

Likewise, the federal question statute does not itself confer subject matter jurisdiction upon the district courts; rather, it provides that district courts have jurisdiction to the extent that the cause of action "aris[es] under" the Constitution or federal statutes. But this action arises under neither the Constitution nor any federal statute: the Second Circuit has held that aliens have no constitutional right to discretionary immigration benefits, and, despite Ni's assertion to the contrary, his complaint does not arise under the INA, because that statute provides

jurisdiction only over cases brought by the United States, and expressly disclaims providing jurisdiction for actions brought against it or its agencies or employees.

In sum, Ni seeks to compel the defendants to confer upon him a specific immigration benefit – the final grant of asylum – that is delegated by statute to the discretion of the immigration authorities to grant or deny. Courts have consistently held that they lack jurisdiction to compel such a result. Accordingly, the complaint should be dismissed for lack for subject matter jurisdiction.

## Statement of the Case

A. Factual Allegations of the Complaint and the Relief Sought

Ni's complaint is nearly devoid of factual allegations relating to actions taken by him or the defendants. It alleges only that (1) Ni is a native and citizen of China (Complaint ¶ 1.1); (2) that he was "adjudicated a refugee and conditionally granted asylum by the Immigration Court in New York City on September 3, 2004," (id.); (3) that the defendants have "willfully and unreasonably delayed and/or refused to lift the conditions" on his conditional grant of asylum (Id. ¶ 3.10); and (4) that he made a written inquiry to the Executive Office of Immigration Review regarding his immigration status and received no response. (Id. ¶ 3.13).

Based on these allegations, Ni asserts five causes of action: (1) "violation of the REAL ID Act," (2) "violation of the Administrative Procedures Act," (3) "violation of due process," (4) intentional infliction of emotional distress, and (5) "violation of international law." Complaint at 9-10. His prayer for relief does not request money damages; rather, Ni "respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order . . . requiring Defendants to lift the condition on Plaintiff['s] grant[] of asylum and issuing

them [sic] final grant letters."  Complaint at 11.  He also seeks attorney's fees and "such other relief at law and in equity as justice may require."  Id.

B.  <u>Statutory Framework Regarding Asylum and Conditional Grants of Asylum</u>

The Attorney General has discretionary authority to grant asylum to an applicant who establishes that he is a "refugee" within the meaning of INA § 101(a)(42).  <u>See</u> 8 U.S.C. § 1101(a)(42); <u>id.</u> § 1158(b)(1).  A "refugee" is a person who is unable or unwilling to return to his native country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); <u>Liao v. U.S. Dep't of Justice</u>, 293 F.3d 61, 66 (2d Cir. 2002).

In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (Sept. 30, 1996).  Section 601 of that Act provided that persons persecuted for resistance to coercive population control policies could qualify for asylum.  <u>See</u> 8 U.S.C. § 1101(a)(42) (as amended by IIRIRA, Pub. L. No. 104-208, Div. C, Title VI, § 601(a)(1), 100 Stat. 3009-689).  IIRIRA also put a numerical limitation on the number of aliens who could be granted asylum under this section each year.  Specifically, IIRIRA § 601(b) provided that:

> For any fiscal year, not more than a total of 1,000 refugees may be admitted under this subsection or granted asylum under section 208 pursuant to a determination under the third sentence of section 101(a)(42) (relating to persecution for resistance to coercive population control methods).

IIRIRA § 601(b), 100 Stat. 3009-689.  For each fiscal year since 1998, the number of individuals who have qualified for asylum due to resistance to coercive population control programs has greatly exceeded 1,000.  <u>See generally</u> News Release, Executive Office for Immigration Review,

U.S. Dep't of Justice, EOIR Notifies Persons Eligible for Full Asylum Benefits for Fiscal Year 2003 Based on Coercive Population Control Policies, available at http://www.usdoj.gov/eoir/ press/03/CPCAsylumRelease0903.pdf ("EOIR News Release").  During fiscal year 2003, for example, the waiting list numbered more than 7,000 applicants, making the waiting period more than seven years for new conditional asylees.  See EOIR News Release at 1.  However, qualified asylum applicants in excess of the limitation of 1,000 were not removed from the United States; rather, they were permitted to remain in the country on a waiting list pursuant to a conditional grant of asylum, which would be finalized when a spot became available in a future year.  See generally Zhang v. U.S. I.N.S., 386 F.3d 66, 72 n.5 (2d Cir. 2004); In re X-P-T, 21 I. & N. Dec. 634, 636-37 (BIA 1996).  A conditional grant of asylum "does not ensure that the applicant will be one of the 1,000 individuals who actually obtains asylum."  In re X-P-T, 21 I. & N. Dec. at 637.[1]

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109-13, Div. B, 119 Stat. 231, became effective, and Section 101(g)(2) of that Act removed the yearly numerical limitation for grants of asylum based on resistance to coercive population control programs.  See REAL ID Act § 101(g)(2) (striking paragraph (5) of the former 8 U.S.C. § 1157(a)); see generally Yang v. Gonzales, 427 F.3d 1117, 1122 n.5 (8th Cir. 2005).  As a result,

---

[1] A conditional grant of asylum, like a grant of final asylum, allows the asylee to remain in the United States and to apply for work authorization.  Unlike asylees who have received final grants of asylum, however, conditional asylees are not permitted to apply for lawful permanent resident status, and spouses and children of conditional asylees are not permitted to receive derivative asylum status or to be admitted to the United States.  See, e.g., U.S. Citizenship & Immigration Services, Resistance to Coercive Population Control Programs, available at http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnexto id=e0926138f898d010VgnVCM10000048f3d6a1RCRD&vgnextchannel=3a82ef4c766fd010Vg nVCM1000000ecd190aRCRD

aliens such as Ni who had been granted conditional asylum status became eligible for final grants

of asylum provided that they clear required background security investigations.[2]

Ni filed this complaint in January 2008, seeking to have this Court compel an immediate

grant of asylum, notwithstanding the pendency of the required background checks.  As explained

below, the complaint should be dismissed because the Court lacks jurisdiction to grant Ni the

relief he seeks.

## ARGUMENT

## POINT I

## The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

A.  Legal Standards Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the [court] lacks the statutory or constitutional power to adjudicate it.'"  Luckett v. Bure,

290 F.3d 493, 496 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.

2000)).  A plaintiff bears the burden of establishing the court's jurisdiction by a preponderance

of the evidence.  See Luckett, 290 F.3d at 496-97.  To resolve a Rule 12(b)(1) motion, the court

must accept all factual allegations in the complaint as true, but should not draw inferences

favorable to the party asserting jurisdiction, and may consider materials beyond the pleadings to

---

[2] INA § 205(d)(5)(A)(i), 8 U.S.C. § 1158(d)(5)(A)(i), provides that "asylum cannot be granted until the identity of the applicant has been checked against all appropriate records or databases maintained by the Attorney General and by the Secretary of State, including the Automated Visa Lookout System, to determine any grounds on which the alien may be inadmissible to or deportable from the United States, or ineligible to apply for or be granted asylum."  The implementing regulation, 8 C.F.R. § 208.14, in turn provides that an asylum officer may only grant asylum to aliens "whose identity has been checked pursuant to section 208(d)(5)(A)(i) of the Act."  8 C.F.R. § 208.14(b).  United States Citizenship and Immigration Services, in conjunction with other federal agencies, is currently in the process of completing the required background checks for Ni and the thousands of other aliens who have been granted conditional asylum.

resolve the issue of jurisdiction.  See Maloney v. Cuomo, 470 F. Supp. 2d 205, 210 (E.D.N.Y. 2007).

The Court's jurisdiction to adjudicate matters pertaining to an alien's immigration status is particularly narrow.  As the Supreme Court has recognized, "the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government.  Over no conceivable subject is the legislative power of Congress more complete."  Reno v. Flores, 507 U.S. 292, 305 (1993) (citations and internal quotation marks omitted); accord United States v. Valenzuela-Bernal, 458 U.S. 858, 864 ("The power to regulate immigration -- an attribute of sovereignty essential to the preservation of any nation -- has been entrusted by the Constitution to the political branches.").  Thus, the Court has repeatedly instructed that judicial review in immigration matters is narrowly circumscribed. See, e.g., INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999) ("[W]e have recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations.") (internal quotation marks omitted); Miller v. Albright, 523 U.S. 420, 434 n.11 (1998) (same); Fiallo v. Bell, 430 U.S. 787, 792 (1977) (same).  Specifically, the Court has stated:

> Enforcing the immigration laws, and the conditions for residency in this country, is becoming more difficult. . . .  Moreover, the INS is the agency primarily charged by Congress to implement the public policy underlying these laws. . . . Appropriate deference must be accorded its decisions.

INS v. Miranda, 459 U.S. 14, 19 (1982) (citations omitted); Zhang v. Slattery, 55 F.3d 732, 748 (2d Cir. 1995) ("[I]t is not the role of the federal courts to administer the executive branch" in immigration matters).

B.  Neither the Mandamus Act Nor the APA Provides a Basis for This Court to Exercise Subject Matter Jurisdiction

Ni styles his complaint as a "Complaint for Writ of Mandamus," and he invokes both the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. § 555(b), as bases for this Court's jurisdiction.  See Complaint at p. 2 & ¶ 2.3.  But both the Second Circuit and numerous courts in this district have consistently held that neither statute provides a basis for subject matter jurisdiction where, as here, the plaintiff seeks to compel the defendants to confer upon him an immigration benefit that is wholly discretionary.

1.  The Grant of Asylum Is Committed to the Sole Discretion of the Attorney General

Ni's complaint seeks an order "requiring Defendants to lift the condition on [Ni's] grant of asylum and issuing [him] final grant letters."  Complaint at 11.  But as the INA makes clear and as the Second Circuit has repeatedly recognized, the final grant of asylum status is committed to the discretion of the Attorney General.  See 8 U.S.C. § 1158(b)(1); see also 8 C.F.R. § 208.14(b) (asylum officers may grant asylum to eligible applicants "in the exercise of his or her discretion"); Delgado v. Mukasey, 508 F.3d 702, 705 (2d Cir. 2007) ("Asylum is a discretionary form of relief. . . . Once an applicant has established eligibility . . . , it remains within the Attorney General's discretion to deny asylum."); Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 288 (2d Cir. 2007) (asylum "available at the Attorney General's discretion"); Haxhiu v. Mukasey, __ F.3d __, 2008 WL 724047, at *3 (7th Cir. Mar. 19, 2008) ("The Attorney General has discretionary authority to grant asylum to aliens who meet the refugee requirements of 8 U.S.C. § 1101(a)(42).").

2.  <u>The Mandamus Statute and the APA Do Not Provide Subject Matter Jurisdiction Where the Relief Sought Is Entirely Discretionary</u>

The Mandamus Act, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary writ" that must be exercised cautiously. <u>See</u> <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 18 (1983); <u>Aguinda v. Texaco (In re Aguinda)</u>, 241 F.3d 194, 200 (2d Cir. 2001). To merit mandamus relief, a party "must show that he or she lacks an adequate alternative means to obtain the relief sought, and must demonstrate a clear and indisputable right to the issuance of the writ." <u>In re Steinhardt Partners, L.P.</u>, 9 F.3d 230, 233-34 (2d Cir. 1993) (citations omitted). Indeed, the "extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" <u>Pittston Coal Group v. Sebben</u>, 488 U.S. 105, 121 (1988) (quoting <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984)). The action that the plaintiff seeks to compel must be "'subject to positive command, plainly described, and free from doubt.'" <u>Keane v. Chertoff</u>, 419 F. Supp. 2d 597, 599 (S.D.N.Y. 2006) (quoting <u>Fifth Avenue Peace Parade Comm. v. Hoover</u>, 327 F. Supp. 238, 242 (S.D.N.Y. 1971)).

Courts in this district have consistently found that 28 U.S.C. § 1361 does not confer subject matter jurisdiction where, as here, the immigration benefit sought has clearly been delegated to the discretion of the Attorney General, because there is no "clear nondiscretionary duty" for the agency to perform. <u>See, e.g.</u>, <u>Keane</u>, 419 F. Supp. 2d at 601 ("Because plaintiff's complaint does not engage a clear nondiscretionary duty, the Mandamus Act does not confer subject matter jurisdiction on this court."); <u>Borromeo Escaler v. U.S. Citizenship & Immigration</u>

Servs., No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *5 n.8 (S.D.N.Y. July 6, 2007)

(Mandamus Act "applies only where the relief sought is non-discretionary."); Vladagina v.

Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002) (no

jurisdiction under 28 U.S.C. § 1361 because immigration benefit at issue had been committed to

discretion of Attorney General); Dinsey v. Dep't of Homeland Sec., No. 03 Civ. 10081 (MBM),

2004 WL 1698630, at *6 (S.D.N.Y. July 28, 2004) (same); Zheng v. Reno, 166 F. Supp. 2d 875,

880 (S.D.N.Y. 2001) ("Matters within the INS's discretion are not reviewable under the

mandamus statute."); Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (no jurisdiction

under Mandamus Act to compel agency to act on alien's application for adjustment of status

because adjustment of status is "discretionary act"); Maldonado-Coronel v. McElroy, 943 F.

Supp. 376, 381 (S.D.N.Y. 1996) ("[M]andamus jurisdiction does not lie to direct the exercise of

administrative discretion within its lawful boundaries."); Karan v. McElroy, No. 02 Civ. 6678,

2003 WL 21209769, at *1 (S.D.N.Y. May 23, 2003) ("Mandamus relief may not be ordered

pursuant to 28 U.S.C. § 1361 if the defendant does not owe the plaintiff a clear non-discretionary

duty.").  Accordingly, the Mandamus Act does not provide jurisdiction.

　　　For the same reasons, Ni fares no better in his attempt to invoke the APA, 5 U.S.C.

§ 555(b), as a basis for this Court's subject matter jurisdiction.  See Complaint ¶¶ 2.1, 2.4.

Chapter 7 of the APA, entitled "Judicial Review," specifically exempts from the district courts'

jurisdiction review of any "agency action . . . committed to agency discretion by law," 5 U.S.C. §

701(a)(2), and, as explained above, the Second Circuit has repeatedly held that the decision on a

final grant of asylum is committed to agency discretion.  More to the point, both the Supreme

Court and the Second Circuit have made clear that the APA does not confer subject matter

jurisdiction under these circumstances.  As the Second Circuit has explained:

> [M]atters solely within the INS's discretion . . . are not reviewable under the [APA] or 28 U.S.C. § 1361 . . . . Aside from our powerlessness to intervene, the judicial creation of such a duty would have the potential for mischievous interference with the functioning of already overburdened administrative agencies.

Hsieh, 569 F.2d at 1182 (citations omitted); see also Califano v. Sanders, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."); Keane, 419 F. Supp. 2d at 601 (no jurisdiction under APA over discretionary agency action); Vladagina, 2002 WL 1162426, at *4 ("'Matters solely within the INS's discretion . . . are not reviewable under the [APA].'") (quoting Hsieh, 569 F.2d at 1182); Zheng, 166 F. Supp. 2d at 880 (neither APA nor APA in conjunction with 28 U.S.C. § 1331 confers subject matter jurisdiction to compel discretionary agency action); Schneider v. Feinberg, 345 F.3d 135, 148 (2d Cir. 2003) ("[A]gency action is not subject to judicial review to the extent that such action is committed to agency discretion by law.") (internal quotation marks omitted); Jaskiewicz v. U.S. Dep't of Homeland Sec., No. 06 Civ. 3770 (DLC), 2006 WL 3431191, at *3 (S.D.N.Y. Nov. 29, 2006) ("[T]he APA does not provide a basis for jurisdiction to challenge any agency action that is committed to agency discretion by law.") (internal quotation marks omitted).

Accordingly, because the decision whether to issue a final grant of asylum is entirely discretionary, neither the Mandamus Act nor the APA provides jurisdiction to consider Ni's petition.

C.  The Court Also Lacks Federal Question Jurisdiction under 28 U.S.C. § 1331

Finally, Ni can find no refuge in 28 U.S.C. § 1331, the general federal question jurisdiction statute. Federal question jurisdiction exists only in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Put another way, "28

U.S.C. § 1331, standing alone, . . . does not confer subject matter jurisdiction, because the statute only provides for jurisdiction in district courts over claims that themselves 'arise under' some other relevant federal Constitutional or statutory provision." Karan v. McElroy, No. 02 Civ. 6678, 2003 WL 21209769, at *2 (S.D.N.Y. May 23, 2003). Thus, a plaintiff is required to state the basis for a federal court's subject matter jurisdiction on the face of the complaint. See, e.g., Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.") (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908))

Ni attempts to ground his complaint in the Constitution, asserting that the delay in lifting the restrictions on his grant of asylum violates his due process rights because aliens who were granted asylum after enactment of the REAL ID Act "are already enjoying the full benefits of asylum." Complaint ¶ 6.2. But as the Second Circuit and other federal Courts of Appeals have explained, aliens have no constitutional right to receive an immigration benefit that is entirely discretionary. See, e.g., Cervantes-Ascencio v. U.S. I.N.S., 326 F.3d 83, 86 (2d Cir. 2003) (alien had no right to voluntary departure; "discretionary component" of relief "precludes entitlement to such relief as a matter of right"); Appiah v. U.S. I.N.S., 202 F.3d 704, 709 (4th Cir. 2000) (no due process right to immigration benefits that rest in "unfettered discretion" of Attorney General); Smith v. Ashcroft, 295 F.3d 425, 429-30 (4th Cir. 2002) (no property or liberty interest in discretionary immigration benefits; "[i]n order for a statute to create a vested liberty or property interest giving rise to procedural due process protection, it must confer more than a mere expectation . . . of a benefit. There must be entitlement to the benefit as directed by statute, and the statute must act to limit meaningfully the discretion of the decision-makers.") (internal

quotation marks and citations omitted) (emphasis in original); <u>Garcia-Mateo v. Keisler</u>, 503 F.3d 698, 700 (8th Cir. 2007) (where "form of relief . . . is available only in the Attorney General's discretion, there is no constitutionally protected property or liberty interest in such relief").[3]

Ni also claims, without elaboration or citation to any particular section, that "jurisdiction in this case is proper under . . . the Immigration and Nationality Act and regulations implementing it." Complaint ¶ 2.1. But the INA, by its own terms, confers jurisdiction upon district courts only over actions <u>brought by the United States</u>. It provides:

> The district courts of the United States shall have jurisdiction of all causes, civil and criminal, <u>brought by the United States</u> that arise under the provisions of this subchapter. . . . <u>Nothing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers</u>.

8 U.S.C. § 1329 (emphases added). Accordingly, courts have consistently rejected attempts by plaintiffs to invoke the INA as a basis for subject matter jurisdiction. <u>See, e.g.</u>, <u>Checknan v. McElroy</u>, 313 F. Supp. 2d 270, 275-76 (S.D.N.Y. 2004) (Court "does not have subject matter jurisdiction to review [plaintiff's] claim under [the INA]"; "although this Court has general jurisdiction to review actions of the INS, it lacks jurisdiction to compel the INS to act in matters

---

[3] Although Ni asserts that the delay in lifting his conditional grant of asylum is "unreasonabl[e]," Complaint ¶ 3.10, the relevant statutory framework and regulations do not provide a deadline for removing Ni's conditional status within. This stands in contrast to other provisions of the INA, which do place time restrictions on agency action, and provide for district court jurisdiction. <u>See, e.g.</u>, 8 U.S.C. § 1447(b) (providing that alien may bring action in district court "[i]f there is a failure to make a determination [on an alien's application for naturalization] before the end of the 120-day period" after the date on which examination of naturalization applicant is completed). In circumstances analogous to those presented here, courts have found even lengthier delays to be not unreasonable. <u>See, e.g.</u>, <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (five-year delay in adjudication of application for adjustment of status not unreasonable in light of statutory cap); <u>see also</u> <u>INS v. Miranda</u>, 459 U.S. 14, 19 (1982) ("Proof only that the Government failed to process promptly an application falls far short of establishing . . . [mis]conduct."). At the time Ni was granted conditional asylum, he faced a statutory waiting period of over seven years for the condition to be removed. He filed suit only after the numerical limitation on grants of his type of asylum were eliminated, even though the removal of the statutory cap substantially reduced his expected waiting time.

that are clearly within the discretion of the INS, particularly where there has been no final

determination by the administrative agency."); <u>Borromeo-Escaler</u>, 2007 WL 1975485, at *4 (8

U.S.C. § 1329 "applies only to actions <u>brought</u> by the United States; it expressly does not

provide a basis for jurisdiction in actions against the United States or its agencies or officers.")

(citations omitted).  Thus, as is the case with the other three alleged bases for jurisdiction, the

INA does not provide jurisdiction to consider Ni's petition or to compel the defendants to act.

### POINT II

### The Claims for Intentional Infliction of Emotional Distress and "Violation of International Law" Are Barred by the Doctrine of Sovereign Immunity

Although Ni's prayer for relief seeks an order compelling the defendants to grant him

asylum, he also appears to assert claims for intentional infliction of emotional distress and

"violation of international law."  Complaint p. 10.  To the extent Ni seeks to recover damages for

intentional infliction for emotional distress or for violations of some unspecified international

law, his sole remedy would be under the Federal Tort Claims Act ("FTCA").  <u>See</u> 28 U.S.C. §

2679(b)(1).  As the Second Circuit has explained, the "exclusive remedy for nonconstitutional

torts by a government employee acting within the scope of his employment is a suit against the

government under the FTCA."  <u>Castro v. United States</u>, 34 F.3d 106, 110 (2d Cir. 1994).

Ni's tort claims against the defendants must be dismissed for a number of reasons.  First,

the only proper defendant in an action under the FTCA is the United States.  <u>See, e.g.</u>, <u>C.P.</u>

<u>Chem. Co. v. United States</u>, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("The FTCA expressly provides

that only the United States may be held liable for torts committed by a federal agency, and not

the agency itself.").  Second, the United States has not waived its sovereign immunity with

respect to claims based on international law, and Ni's claim based on violation of international

law is therefore barred.  See, e.g., Bansal v. Russ, 513 F. Supp. 2d 264, 280 (E.D. Pa. 2007)

(dismissing claims arising from violation of international law because "the United States has not

waived its sovereign immunity with respect to these claims"); Turkmen v. Ashcroft, No. 02 Civ.

2307, 2006 WL 1662663, at *50 (E.D.N.Y. 2006) (international law claims "not cognizable"

under FTCA).  Third, Ni has not exhausted administrative remedies with respect to his claim of

intentional infliction of emotional distress.  See Celestine v. Mount Vernon Neighborhood

Health Center, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all

administrative remedies before filing a complaint in federal district court.  This requirement is

jurisdictional and cannot be waived."); Russo v. Glasser, 279 F. Supp. 2d 136, 146 (D. Conn.

2003) (dismissing claim for intentional infliction of emotional distress where plaintiff had not

alleged that he exhausted administrative remedies).  Finally, the bare allegation that the

Government has delayed in conferring upon him a discretionary immigration benefit to which he

has neither claim of right nor entitlement cannot support a claim of intentional infliction of

emotional distress.  See, e.g., INS v. Miranda, 459 U.S. 14, 19 (1982) ("Proof only that the

Government failed to process promptly an application falls far short of establishing . . .

[mis]conduct.").

## <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Court grant their

motion to dismiss and dismiss the complaint in its entirety.

Dated: New York, New York
      April 24, 2008

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York

By:   /s/ David Bober           
        DAVID BOBER
        Assistant United States Attorney
        (212) 637-2718
        david.bober@usdoj.gov